872 F.2d 496
 277 U.S.App.D.C. 61
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Clifton DAWKINS, by his Parents and next friends, Hazel and
Willie DAWKINS
v.
DISTRICT OF COLUMBIA, et al., Appellant.
 No. 88-7212.
 United States Court of Appeals, District of Columbia Circuit.
 April 24, 1989.
 
 Before RUTH B. GINSBURG and SENTELLE, Circuit Judges, and EDWARD D. RE*, Chief Judge for the U.S. Court of International Trade.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on an appeal from the United States District Court for the District of Columbia and was argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See: D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by this court that the judgment of the District Court from which this appeal has been taken is vacated and the case is remanded for further proceedings consistent with this opinion.
 
 
 3
 It is FURTHER ORDERED, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 Memorandum
 
 4
 The District of Columbia appeals from a District Court order requiring the District of Columbia Public Schools ("DCPS") to fund the private placement of Clifton Dawkins ("appellee"), a mildly retarded seventeen-year old who has since the 1987-88 school year attended the Kennedy Institute in Washington, D.C. The District Court, reversing the judgment of a hearing officer, found that DCPS's proposed placement at the Grimke/Terrell Special Education Program ("Grimke") was not "appropriate" within the meaning of the Education of the Handicapped Act ("EHA" or "Act"), as amended, 20 U.S.C. Secs. 1401 et seq. (1982 & Supp. IV 1986). Because the District Court's decision is inconsistent with our recent opinion in Kerkam v. McKenzie, 862 F.2d 884 (D.C.Cir.1988), we vacate and remand for further proceedings in light of that opinion.
 
 Factual and Procedural Background
 
 5
 Appellee is a youth of "borderline" intelligence, who from 1984 through 1987 was enrolled at the Learning Center at the Alice Deal Junior High School, where he had been placed by the DCPS pursuant to the EHA. Dissatisfied with appellee's progress there, in January, 1987, his parents requested and received a "due process" hearing. Appellee was then evaluated by DCPS's "multi-disciplinary team," which issued a "Confidential Report." The Report recommended, inter alia, a change in placement. On March 16, 1987, DCPS issued an Individual Education Program ("IEP"), as is required by 20 U.S.C. Sec. 1401(19), in which it identified six specific educational goals, among them improved social/emotional functioning and prevocational skills. At the March 18, 1987, hearing, DCPS conceded that based on the IEP, Deal was inappropriate, and, shortly thereafter issued a notice of placement at Grimke.
 
 
 6
 Appellee's parents objected to the Grimke placement, and requested a hearing, which was held on May 12, 1987. After hearing the testimony of several witnesses, the hearing officer concluded that Grimke, "while not ideal, is appropriate," as it could meet the requirements of appellee's IEP and the recommendations of the Confidential Report. In her "Determination and Rational[e]," the hearing officer concluded that at Grimke, "speech and language therapy ... will be provided on a daily basis"; "[t]he fact that Clifton may be the youngest student, while not preferable, does not render the placement inappropriate"; and that "several of the classes are designated as 'prevocational' does not mean that basic and necessary skills will not be taught in those classes." Dissatisfied with the proposed placement, appellee appealed to the District Court.
 
 
 7
 After a two-day trial, the District Court concluded that placement at Grimke was inappropriate. Dawkins v. District of Columbia, No. 87-2273 (D.D.C. July 21, 1988). Among the "several reasons" that informed the Court's decision were the inadequacy of the "peer group" at Grimke, insufficiency of Grimke's speech and language services caused by post-placement events, and the inability of Grimke to provide the "academic type program" appellee required. The District of Columbia appealed to this Court.
 
 Discussion
 
 8
 In Kerkam v. McKenzie, 862 F.2d 884 (D.C.Cir.1988), we reversed the District Court, which had rejected a hearing officer's proffered placement, for "either" of two reasons. First, the District Court appeared to have based its decision on the adequacy of the proposed placement on the wrong legal standard, i.e., a "potential-maximizing" standard inconsistent with the dictates of Hendrick Hudson Dist. Bd. of Educ. v. Rowley, 458 U.S. 176 (1982). Second, the District Court "gave no apparent deference to the decision of the hearing officer." Kerkam, 862 F.2d at 889. We determined that either warranted remand so that the District Court could "directly tackle the issue of whether the plaintiffs' showing is enough to overcome the hearing officer's conclusion that the program offered" was appropriate. Id.
 
 
 9
 In the present case, we must conclude that the District Court--deciding the case without the benefit of our Kerkam decision--erred in a nearly identical fashion.
 
 
 10
 1. Deference to hearing officer's findings.
 
 
 11
 Both Rowley and Kerkam hold that the EHA does not invite courts "to substitute their own notions of sound educational policy for those of the school authorities which they review." Rowley, 458 U.S. at 206. The Court in Rowley reasoned that the EHA impliedly requires that "due weight" be given to the hearing officer's findings. Id. Thus, "a party challenging the administrative determination must at least take on the burden of persuading the court that the hearing officer was wrong, and that a court upsetting the officer's decision must at least explain its basis for doing so." Kerkam, 862 F.2d at 887. Here, the District Court barely made mention of the hearing officer's relevant findings. See Dawkins, mem. op. at 4, 5.
 
 
 12
 Appellee maintains that the District Court owed no deference to the hearing officer's findings because she "did not make any substantive findings of fact." Brief for Appellee at 19. He notes that the EHA requires that the hearing officer make "written findings of fact and decisions," 20 U.S.C. Sec. 1415(d)(4), and that the "findings" appellant argues were owed deference appeared, not in the hearing officer's "Findings of Fact," but rather in the section of her report entitled "Determination and Rational[e]." We cannot accept such a narrow reading of the hearing officer's report: To say that the District Court did not need to defer to the hearing officer because her relevant findings were labeled "Determination and Rational[e]" rather than "Findings of Fact" elevates form over substance. As for appellee's other explanations for refusing to accept the hearing officer's findings, counsel cannot rationalize the Court's decision, evincing as it does "no apparent deference to the decision of the hearing officer." Kerkam, 862 F.2d at 886. As we said in Kerkam, "a court upsetting the officer's decision must at least explain its basis" for finding that the hearing officer was wrong. Id. at 887.
 
 
 13
 2. Proper legal standard.
 
 
 14
 In Rowley, the Supreme Court concluded that the EHA requires states (and the District of Columbia) to make available a "basic floor of opportunity" to handicapped students in order to qualify for federal funds, 458 U.S. at 200, which it viewed as one "reasonably calculated to enable the child to receive educational benefits," id. at 207, "sufficient to confer some educational benefit upon the handicapped child," id. at 200.
 
 
 15
 In concluding that Grimke was an inappropriate placement, the District Court did not explicitly conclude that the deficiencies in the Grimke program rendered Grimke incapable of providing an environment "reasonably calculated to enable the child to receive educational benefits." To the contrary, as in Kerkam, the Court's "unspoken premise" seems to be that there was a better placement than that proposed by DCPS. For example, the District Court did not state that an "academic type program" was actually necessary to achieve some educational benefit or whether it would merely be "better" for appellant. See, e.g., Dawkins, mem. op. at 8 (Grimke's pre-vocational program "did not appear ... [to be] required for Clifton.").[1] Likewise, the District Court did not conclude that the inappropriate peer group prevented appellee from making the requisite level of educational gain. Rather, it concluded that it was of "extreme importance and may affect his ability to learn and progress in school." Id. at 7. Although appellee contends that "this is another way to say that the placement at Grimke was not 'reasonably calculated to confer educational benefit,' " Brief for appellee at 16 & n. 25, we cannot agree, particularly in light of the Court's failure to reference the Rowley standard.
 
 
 16
 Also problematic is the Court's third reason for rejecting DCPS's proffered placement, relating to post-placement developments at Grimke. Such evidence of unanticipated changes in circumstances does not show that the placement, when proposed, was inappropriate. This, in our view, is normally the relevant enquiry, for as Section 1415 of the Act implies, the duty of the District Court is largely one of review. See 20 U.S.C. Sec. 1415(e)(2) (right to appeal provided "[a]ny party aggrieved by the findings and decision" of the hearing officer). In Leonard v. McKenzie, No. 88-7084 (D.C.Cir. March 17, 1989), like Kerkam decided after the District Court's decision in this case, we refused to consider an argument not raised before the hearing officer, stating that "it would be both unfair and unwieldy to overturn the hearing officer's decision on grounds that she had no opportunity to consider or evaluate." Leonard, slip op. at 10 (citation omitted). See also id. at 9 (discussing contentions that could have been, but were not, raised before hearing officer). Thus, even granting the debatable point that Grimke would not in fact have been able to satisfy in full measure the requirements of appellee's IEP because of speech therapy staffing problems occurring in the 1987-88 school year, the proposed placement would not thereby be rendered inappropriate.[2]
 
 Conclusion
 
 17
 For the reasons set forth above, the judgment of the District Court is vacated and the case is remanded for further proceedings consistent with this opinion.
 
 
 18
 It is so ordered.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 293(a)
 
 
 [1]
 We note that the District Court apparently failed to consider that both the Confidential Report and the IEP indicated not that appellee required an "academic" program, but a "vocational" or "pre-vocational" program, respectively. Given the fact that the hearing officer is obligated to implement the IEP, cf. Rowley, 458 U.S. at 189 (instruction and services must "comport with the child's IEP"), she could not without explanation be faulted for concluding that Grimke's "pre-vocational" program was not inappropriate
 
 
 [2]
 While the temporary personnel gap experienced at Grimke is not so exceptional a circumstance as to warrant unsettling the hearing officer's decision, we recognize that there may be situations in which it would be appropriate either to reopen the administrative proceeding, or even to present in court evidence of events occurring or discovered subsequent to the hearing officer's decision. We therefore lay down no rigid exclusionary rule. Cf. Fed.R.Civ.P. 60(b)(2) (newly discovered evidence); Town of Burlington v. Dep't of Educ., 736 F.2d 773, 790 (1st Cir.1984) (stating in unelaborated dictum that while the main source of evidence for the District Court is the administrative hearing record, appropriate supplementation might sometimes include "evidence concerning relevant events occurring subsequent to the administrative hearing"), aff'd on other grounds, 471 U.S. 359 (1985)